Our fifth case for this morning is Jaworski v. Master Hand Contractors. Mr. McNeil. Good morning. May it please the Court. This is a typical wage and hour matter. There are five separate statutes involved, which the Court would be sorting through, but for the fact that they don't matter. This was a large project with scores of employees that got shut down by the owner of the business. Once that happened, there was no more money to pay anybody. But the claim is for compensation for services that already had been performed. It's not for services going forward. Well, that's true. Which makes a difference. I mean, I was baffled by your theory. It sounded like any time one party to a contract decides they've run out of money, there's no longer any obligation to the other party. And actually, what happens in those instances, if there's litigation, is a judgment gets entered, and then the person owing the money becomes a judgment debtor, and in the fullness of time, pays the judgment. Maybe not the next day, if they don't really have money, or if they file for bankruptcy, something else happens, but running out of money isn't a reason not to pay for services you've received. As a practical matter, it is, though. No, it isn't. Not a legal reason. Well, the legal reason is with regard to the requirement of a causal link between the damages that the plaintiffs are seeking. Look, the debt is owed to people for services already performed. If I go to Macy's this afternoon and buy a dress, and I tell them, gee, I'm sorry, I've run out of money, so I'm just going to keep the dress, they would take a dim view of that. Or if I have somebody come mow my lawn, and I say, I'm sorry, I've run out of money, actually, there are a series of laws about that, but I still owe them the money for mowing the lawn. And your client was obviously working on this big project. It's a shame if they ran out of money, but the debt remains to the workers who had already performed services. As a practical matter, though, there's no way in which the debt will ever be repaid. In this case, I happen to inherit this case from the lawyer who had it on the day after judgment was entered as a discovery sanction. So going forward, there will never be any money to pay that debt. I consider that legally irrelevant. Again, there are other remedies in the law for people who've run out of money. And if you were standing here telling me that a bankruptcy had been filed and nobody had filed a claim in the proper amount of time or something like that, that would be a different matter altogether. In effect, that's what happened here. But there's no in effect. There's no bankruptcy here. That's correct. Well, then bankruptcy didn't happen. That's right. Mr. McNeil, where can we find the district judge's findings of fact and conclusions of law from the bench trial? There was a bench trial in this case. District judge entered findings of fact and conclusions of law. Where can we find them? At the end of the... Circuit Rule 30 requires them to be in an appendix to your brief. You certify that all materials required by Circuit Rule 30 are included in your brief. That's correct. They are not. Not the findings of fact and conclusions of law, not the order of 2013. I was under the impression that they were. How can you be under the impression that they were? I mean, these are, of course, critical documents, but you get to the end of your brief in which on page... The short appendix. Your brief says there are four things in the appendix. Right. The judgment on attorneys' fees and costs, the judgment dated September 1, the memorandum opinion of September 16, 2014, and the first amended complaint. The findings of fact and conclusions of law are not there. The opinion of 2013 is not there. And yet you certified to this court that everything required by the rule is there. What do you think we should do in response to this? Well, I was under the impression that it is there. Under the impression? How did you get an impression contrary to your own brief? I was under the impression that they were there. How did you get an impression contrary to your own brief? Did you prepare this brief? I did. And your name is on the Circuit Rule 30D statement. Right. And that was certainly what I thought had happened. And I apologize if that is not... We have a rule in civil cases that a lawyer who falsely represents that essential documents have been included, the appeal is dismissed as a sanction. Is there any reason why we shouldn't carry out that normal procedure here? I don't think it would be in keeping with the desire to have cases decided on their merits. We also desire to have lawyers be honest with the court. Right. Filing a false statement under Rule 30D is not desirable behavior. I understand. In any event, with regard to the merits, the trial judge erred in taking the three plaintiffs and applying the law as if they were all the same, whereas Mr. Bester, B-E-S-T-E-R, in fact, was an independent contractor because he met all the criteria. So not to beat a dead horse, but one of the reasons we ask for these documents to be included in the brief, as a short appendix attached to the brief, is because there is actually almost nothing more important in a case tried to the court than the district court's findings of fact and conclusions of law. So to be asked to decide that the district judge has made a mistake on either of those fronts, either clearly erroneous facts or erroneous conclusions of law, you need to see what the district judge said and how the district judge did it. I will concede it's possible to root around in the files and find these things, but we're busy and we require them to be in the brief for a good reason. I notice, by the way, that your brief does not contend that any of the findings is clearly erroneous. Indeed, your brief doesn't mention that there were any. Your brief doesn't mention anything the district court did after its order of 2013, which is also not attached in the appendix. With regard to Mr. Vester, he is a licensed plumber and therefore stands apart from the rest of the employees because he meets all of the criteria for independent contractor status. All right, well, if you would like to save a little bit of time, maybe we'll hear from your opponent now. Ms. Colunga-Merchant. Good morning, counsel. May it please the court, my name is Lydia Colunga-Merchant and I represent the plaintiff appellees. The district court held that plaintiffs were employees under the Employee Classification Act and entitled them to benefits under the Illinois Minimum Wage Law and the Illinois Wage Payment Collection Act after two rounds of motions for summary judgment. And then after a two-day bench trial, the district court found that the plaintiffs were employees as well under the Fair Labor Standards Act and the IMWL and IWPCA, thus entitling them to those benefits as well. It was a challenging exercise for plaintiffs to prepare their response to this appeal because it was unclear what decisions exactly defendant appellants were appealing. However, based on the statement of the issues contained in appellant's brief, there are two and only two issues before this court today. Whether the district court committed clear error in finding that plaintiffs established a causal link between their damages and defendant's misclassification of them as independent contractors, and whether the district court committed clear error in finding that plaintiff's employment for other employers makes them independent contractors. Defendant's brief goes on to allude to a potential third issue, which is whether the substantive rights of the IMWL and the IWPCA are incorporated by reference into the ECA. However, this was an issue that the district court agreed with them on and indeed did not base their decision in the second motion for summary judgment order. So because the defendants already prevailed on this issue, we don't believe that it is before the court today and it is not one that we will be discussing. As to the first issue, plaintiffs have established the causal link between their damages and the defendant's misclassification of them as independent contractors. The causal link was the subject of plaintiff's second motion for summary judgment and of the two-day bench trial. Defendants do not deny that they classified plaintiffs as independent contractors and they do not deny that they failed to pay plaintiffs overtime and earned wages. Again, defendants earlier in their statement alluded to the Sacred Heart Project as the reason why they didn't pay for the earned wages or overtime. However, the claims in plaintiff's lawsuit also include work that was prior to the Sacred Heart Project. This is something that defendants never brought up or defended on summary judgment or at the bench trial. But instead, defendants are here arguing that since the nonpayment of wages was due to this inability to pay and not due to the misclassification of the plaintiffs as independent contractors, then the claim under the ECA fails. With this argument, we believe that defendants are attempting to impose a standard into the ECA that does not exist and does not exist in any other wage and hour statute. To impose such a standard would lead to an absurd result and would nullify the intent of the Illinois legislature. These are just debt enforcement statutes, right? They provide a remedy for nonpayment of wages. Yes, Your Honor. It's nonpayment of wages in addition to unemployment compensation, workers' compensation benefits, and minimum wages and overtime wages. Yes. Right, but a causal link requirement is absent from the statutory scheme. As I understand it, they're just debt enforcement mechanisms. Yes. I mean, the debt arises after the services are performed. That's correct, Your Honor. The obligation to pay, I should say. It doesn't arise because of some other independent wrong, which might require a causal link. There just isn't one in this statutory scheme under any of these statutes. That's correct, Your Honor. I know that defendants are alluding to be by reason of for the violation under the ECA to try to read this causal link, but it is our belief that no such standard exists here. There is no requirement for the plaintiffs to demonstrate the intent of an employer in the failure to compensate them for overtime or unpaid wages or the other wages. Right. It's almost as if a misclassification creates strict liability for the employee's wages. Yes, in a way. Even if there's some other element of causation working in the back story. I would agree with that. I believe that, you know, such as like for the failure to pay overtime wages, you know, once the violation is there, someone works over 40 hours in one work week, there is no payment of at time and a half, there's a violation. So I agree in this sense with the ECA. You also, you know, once you're proven to be an employee under that act, you know, you're entitled to those benefits that the other employees are under the IMWL. Therefore, you're entitled. For work that you've already performed. Yes. Sort of like a mechanics lien in some sense. It's just a different kind of work. Yes. I mean, and the other thing that makes the ECA a little different is that it creates this presumption that construction workers are employees. So without construction workers having to go file mechanics liens, they are just deemed to be employees instead of having to prove that they're employees. Indeed, it is the burden of the defendants to prove that they are independent contractors, something that defendants did not do on either round of summary judgment or at the bench trial. Right. The performance of the services gives rise to the presumption of employee status, as I understand the statutory language. Yes. So the way that the ECA is, unless you meet the three factors or the 112 factor test for sole proprietorship, you are an employee and thus entitled. Yes, that's correct. And so I'll just move on to the second issue is that defendants state in their brief that plaintiffs were independent contractors solely because they worked for other employers. However, this argument is only three sentences long in their brief. In neither of those sentences do they cite to any case law to support their argument. And in neither of those sentences do they cite to the record to support their argument. Indeed, one sentence says that the record contains numerous examples without citing to a single one. It is not the court's job to scour the record looking for evidence to support defendants' position. And because this argument is not fully developed and would require the court to scour the record for grounds for reversal, we believe it is therefore waived and should not be considered by this court. However, even if your honors consider defendants' argument, the record supports the district court's conclusion that plaintiffs are employees. In today's modern economy, it is not unusual for an employee to have more than one job. And the Illinois Department of Labor's regulations for the ECA account for this situation. Furthermore, the test to determine whether a worker is an independent contractor working for another employer is just one factor out of three under the IWPCA and the ECA, and is only one factor out of six under the FLSA and the IMWOL. Plaintiffs also argued in our brief that defendants' appeal of the district court is frivolous since the result is ordained by the lack of substance to the appellant's arguments. For the foregoing reasons, we ask that this court affirm the judgment of the district court, find the appeal to be frivolous, and grant the plaintiff's motion for sanctions for reasonable attorney's fees and costs. Unless there are any other questions, thank you. Thank you. I see none. Mr. McNeil, you have about a minute, but it's up to you. You can use it or not. The only point I wanted to make was that under the Wage Payment Collection Act, there is an ability to pay standard. An employer can only be held liable under the Wage Payment Collection Act if the employer knowingly permits the corporation that he or she works for. And the willfulness requirement there has to do with individual pay, individual liability. Okay. Thank you very much. Thanks to both counsel. We'll take the case under advisement.